Jonathan S. Abady (JSA 5147)
Ilann M. Maazel (IMM 5724)
Elizabeth S. Saylor (ESS 8091)
Emery Celli Brinckerhoff & Abady LLP
75 Rockefeller Plaza, 20th Floor
New York, New York 10019
Tel: (212) 763-5000
Fax: (212) 763-5001

Eric B. Kingsley*
Kingsley & Kingsley
16133 Venture Blvd., Suite 1200
Encino, CA 91436
Tel: (818) 990-8300
Fax: (818) 990-2903

Ira Spiro*
Spiro Moss Barness LLP
11377 West Olympic Boulevard, 5th Fl
Los Angeles, CA 90064-1683
Tel. (310) 235-2468
Fax (310) 235-2456

*Attorneys for Plaintiffs and proposed collective action members*

David Sanford*
Sanford, Wittels & Heisler, LLP
1666 Connecticut Avenue NW, Suite 310
Washington, DC 20009
Tel: (202) 742-7777
Fax: (202) 742-7776

950 Third Avenue, 10th Floor
New York, NY 10022
Tel: (646) 723-2947
Fax: (646) 723-2948

*Seeking Pro Hac Vice

RECEIVED
JUN 28 2007
U.S.D.C. S.D.N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
BETH AMENDOLA, on behalf of herself and others similarly situated,

                Plaintiffs,

v.

BRISTOL-MYERS SQUIBB COMPANY, and Does 1 through 20, inclusive,

                Defendants.
---------------------------------------------------------x

INDEX NO:

## COMPLAINT

**FLSA COLLECTIVE ACTION**

**DEMAND FOR JURY TRIAL**

## INTRODUCTION AND CERTAIN DEFINITIONS

1. This is an action for violation of federal wage and hour laws by and on behalf of former and current employees of Bristol-Myers Squibb Company ("Bristol-Myers"), referred to below as "Covered Employees." The Covered Employees include Beth Amendola ("Plaintiff"). Pursuant to a decision, policy and plan, these employees are unlawfully classified by Bristol-Myers as exempt from laws requiring overtime pay, but actually were and are non-exempt and entitled to overtime pay.

2. In this pleading, the term "Covered Employees" means all persons who have been, are, or in the future will be employed by Bristol-Myers in any job whose title is or was referred to by any of the following titles, and employees who performed substantially the same work as employees with those titles (discovery may reveal additional titles and employees that should be included):

   a. Associate Territory Business Manager
   b. Territory Business Manager
   c. Senior Territory Business Manager
   d. Executive Territory Business Manager
   e. Pharmaceutical Sales Representative
   f. Specialty Sales Representative

and who were employed during the statute of limitations period for the particular claim for relief in which the term Covered Employees is used, including time during which the statute of limitation was or may have been tolled or suspended. The above job positions are referred to herein as "Covered Positions."

3.    The allegations in this pleading are made without any admission that, as to any particular allegation, Plaintiff bears the burden of pleading, proof, or persuasion. Plaintiff reserves all rights to plead in the alternative.

## JURISDICTION AND VENUE

4.    This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA").

5.    Venue is proper in this District because a substantial part of the events and omissions giving rise to the claims occurred in this District and because Defendants' principal executive offices are in this District. Venue is proper in this District also because there is personal jurisdiction in this District over all Defendants. Presently and at all times, Bristol-Myers conducted substantial, continuous and systematic commercial activities in this District.

## DEMAND FOR JURY TRIAL

6.    Plaintiff, on behalf of herself and all other Covered Employees, hereby demands a jury trial on all causes of action and claims with respect to which they have a right to jury trial.

## PARTIES

7.    Defendant Bristol-Myers is a Delaware corporation with its headquarters in New York, New York. Bristol-Myers does business in all fifty states and the United States Territories.

8.    Plaintiff is ignorant of the true names, capacities, relationships and extent of participation in the conduct herein alleged of the Defendants sued herein as DOES 1

through 20, but is informed and believes and thereon alleges that said Defendants are legally responsible for the wrongful conduct alleged herein and therefore sue these Defendants by such fictitious names. Plaintiff will amend this complaint to allege the true names and capacities of the Doe Defendants when ascertained. Plaintiff is informed and believes and thereon alleges that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants.

9. Plaintiff Beth Amendola is a Florida resident and was employed by Defendants from 1998 to March 2006 in Florida as a Territory Business Manager. Plaintiff worked hours in excess of forty (40) hours per workweek, without receiving overtime compensation as required by federal law.

## FACTS

10. Plaintiff hereby consents to sue Defendants under the FLSA § 16.

11. Upon information and belief, Bristol-Myers employs and has employed within the relevant periods thousands of pharmaceutical sales representatives in the United States.

12. Plaintiff and Covered Employees were paid a salary plus a bonus for work performed.

13. Specifically, upon information and belief, Bristol-Myers' managers, with the knowledge and consent of corporate management, systemically violated the law throughout the United States, in the following respects:

   a. Failing to pay employees overtime compensation for hours worked in excess of forty hours per week; and

   b. Failing to maintain accurate records of employees' time.

14. As set forth above, Plaintiff was employed by Bristol-Myers.

15. During this time, Plaintiff on a regular basis worked over 40 hours per week.

16. Plaintiff sustained substantial losses from Bristol-Myers' failure to pay her overtime compensation.

17. Upon information and belief, other employees who worked for Bristol-Myers throughout the United States and who are FLSA Collective Plaintiffs were subjected to the same policies and practices and have sustained similar losses of compensation for numerous hours worked on behalf of Bristol-Myers.

18. Bristol-Myers, through their corporate management, deliberately trained, supervised, instructed, and authorized managerial employees to engage in the above unlawful practices and have ratified their actions thereafter, in order to enhance corporate profits and reduce their labor costs.

## FLSA COLLECTIVE ACTION ALLEGATIONS

19. Plaintiff brings a Claim for Relief for violation of the Fair Labor Standards Act ("FLSA") as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b) on behalf of all Covered Employees employed by Bristol-Myers on or after the date that is three years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

20. At all relevant times, Plaintiff and the other Covered Employees are and have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Bristol-Myers' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules (1) willfully failing and refusing to pay them at the legally required time and a half rates for work in excess of forty (40) hours per workweek, (2) willfully and inaccurately classifying them as exempt from overtime pay even though Bristol-Myers was aware that the Covered Employees were non-exempt and entitled to overtime pay, and (3) willfully failing to keep records required by the FLSA. The claims of Plaintiff stated herein are essentially the same as those of the other Covered Employees.

21. The Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The Covered Employees are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the Covered Employees via first class mail to the last address known to Defendants.

**CLAIM FOR RELIEF**
**(FLSA Overtime Violations, 29 U.S.C. §§ 201 *et seq.***
**Brought by Plaintiff on Behalf of Herself**
**and the FLSA Collective Plaintiffs)**

22. Plaintiff, on behalf of herself and other FLSA Collective Plaintiffs, realleges and incorporates by reference the foregoing paragraphs.

23. Plaintiff is informed and believes and thereon alleges that at all relevant times, Bristol-Myers has been, and continues to be, an "employer" engaged in interstate

"commerce" within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Bristol-Myers has employed, and continues to employ the FLSA Collective Plaintiffs as "employee[s]" within the meaning of the FLSA. At all relevant times, Bristol-Myers has had gross operating revenues in excess of $500,000.

24. Throughout the statute of limitations period covered by these claims, Plaintiff and the other FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek and continue to do so.

25. At all relevant times, Defendants have had, and continue to operate under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the FLSA Collective Plaintiffs at time and a half rates for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA even though the FLSA Collective Plaintiffs have been and are entitled to overtime.

26. At all relevant times, Defendants willfully, regularly and repeatedly failed, and continue to fail to pay Plaintiff and the FLSA Collective Plaintiffs at the required overtime rates, one and a half times their regular hourly rates, for hours worked in excess of forty (40) hours per workweek.

27. Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of herself and the Covered Employees, prays for relief as follows:

    A.    A declaratory judgment that the practices complained of herein are unlawful under FLSA;

    B.    Certification of this action as a collective action brought pursuant to the FLSA § 216(b);

    C.    Designation of Plaintiff as representative of the FLSA Collective Action;

    D.    An award of damages, including liquidated damages, to be paid by Defendants;

    E.    Penalties available under applicable law;

    F.    Costs of action incurred herein, including expert fees;

    G.    Attorneys' fees, including fees pursuant to 29 U.S.C. § 216 and other applicable statutes;

    H.    Pre-judgment and post-judgment interest, as provided by law; and

    I.    Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: New York, New York
       June 27, 2007

Respectfully submitted,

EMERY CELLI BRINCKERHOFF
  & ABADY LLP

By: _____
    Jonathan S. Abady (JSA 5147)
    Ilann M. Maazel (IMM 5724)
    Elizabeth S. Saylor (ESS 8091)
    Emery Celli Brinckerhoff & Abady LLP
    75 Rockefeller Plaza, 20th Floor
    New York, New York 10019
    Tel: (212) 763-5000
    Fax: (212) 763-5001

David Sanford*
Sanford, Wittels & Heisler, LLP
1666 Connecticut Avenue NW, Suite 310
Washington, DC 20009
Tel: (202) 742-7777
Fax: (202) 742-7776

950 Third Avenue, 10th Floor
New York, NY 10022
Tel: (646) 723-2947
Fax: (646) 723-2948
* Seeking Admission *Pro Hac Vice*

Eric B. Kingsley*
Kingsley & Kingsley
16133 Venture Blvd., Suite 1200
Encino, CA 91436
Tel. (818) 990-8300
Fax (818) 990-2903
* Seeking Admission *Pro Hac Vice*

Ira Spiro*
Spiro Moss Barness LLP
11377 West Olympic Boulevard, Fifth Floor
Los Angeles, CA 90064-1683
Tel. (310) 235-2468
Fax (310) 235-2456
* Seeking Admission *Pro Hac Vice*

*Attorneys for Plaintiffs and Proposed Collective Action Members*