PROSKAUER ROSE LLP
Bettina B. Plevan (BP 7460)
Joshua F. Alloy (JA 4372)
1585 Broadway
New York, NY 10036-8299
(212) 969-3000
(212) 969-2900 (fax)
Attorneys for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

| | | |
|---|---|---|
| BETH AMENDOLA, on behalf of herself and others similarly situated, | : : : | |
| Plaintiffs, | : : | 07 CV 6088 (DLC) |
| v. | : : | **(ECF CASE)** |
| BRISTOL-MYERS SQUIBB COMPANY, and Does 1 through 20, inclusive, | : : : | **ANSWER** |
| Defendant. | : | |

------------------------------------------------------X

Defendant, Bristol-Myers Squibb Company ("BMS" or "Defendant"), by their attorneys, Proskauer Rose LLP, answers the Complaint herein as follows:

1.      Defendant denies the allegations set forth in Paragraph 1 of the Complaint, except admits that the Complaint sets forth allegations, which have no basis in law or fact, of purported violations of federal wage and hour laws purportedly on behalf of former and current employees of BMS.

2.      Defendant denies the allegations set forth in Paragraph 2 of the Complaint, except admits that Plaintiff purports to represent those employees listed and included within the term "Covered Employees" and those employees who allegedly did substantially the same work as

those in the "Covered Positions," as referenced in Paragraph 2.

3. Defendant denies that Plaintiff may disavow her burdens of pleading, proof, or persuasion. Defendant denies any remaining assertions set forth in Paragraph 3 of the Complaint.

4. Defendant denies the allegations set forth in Paragraph 4 of the Complaint, except admits that Plaintiff purports to invoke this Court's jurisdiction under 28 U.S.C. § 1331 because Plaintiff has brought this case under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*

5. Defendant denies the allegations set forth in Paragraph 5 of the Complaint, except admits that Plaintiff purports to assert venue in this District.

6. Defendant admits that Plaintiff demands a jury trial.

7. BMS admits that it is a Delaware corporation with its headquarters in New York, New York, and that it does business in all fifty states and certain U.S. Territories.

8. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Complaint, and therefore Defendant denies the allegations set forth in Paragraph 8 of the Complaint.

9. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of the Complaint, except admits that Plaintiff was employed by BMS from 1998 to March 2006 in Florida as a Territory Business Manager, and denies the allegations that Plaintiff was entitled to any overtime compensation for work in excess of forty (40) hours per week.

10. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10.

11. Defendant admits the allegations set forth in Paragraph 11 of the Complaint.

12. Defendant denies the allegations set forth in Paragraph 12 of the Complaint, except admits that Plaintiff was paid a salary plus incentive compensation for work performed.

13. Defendant denies the allegations set forth in Paragraph 13 of the Complaint.

14. Defendant admits the allegations set forth in Paragraph 14 of the Complaint.

15. Defendant denies the allegations set forth in Paragraph 15 of the Complaint.

16. Defendant denies the allegations set forth in Paragraph 16 of the Complaint.

17. Defendant denies the allegations set forth in Paragraph 17 of the Complaint.

18. Defendant denies the allegations set forth in Paragraph 18 of the Complaint.

19. Defendant denies the allegations set forth in Paragraph 19 of the Complaint, except admits that Plaintiff purports to bring a collective action on behalf of employees of BMS.

20. Defendant denies the allegations set forth in Paragraph 20 of the Complaint.

21. Defendant denies the allegations set forth in Paragraph 21 of the Complaint.

22. Defendant repeats and realleges its responses to Paragraphs 1 through 21 of the Complaint, as if separately set forth herein.

23. Defendant denies the allegations set forth in Paragraph 23 of the Complaint except admits that Plaintiff was an "employee" under the FLSA and admits that BMS has had gross operating revenues in excess of $500,000 at all relevant times.

24. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24 of the Complaint.

25. Defendant denies the allegations set forth in Paragraph 25 of the Complaint.

26. Defendant denies the allegations set forth in Paragraph 26 of the Complaint.

27. Defendant denies the allegations set forth in Paragraph 27 of the Complaint, except admits that Plaintiff purports to seek relief on behalf of putative FLSA Collective Plaintiffs.

### **AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

28. The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

### **AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

29. Plaintiff's claims are barred, in whole or in part, because at all relevant times, Plaintiff and the putative members of the purported FLSA Collective Action defined in the Complaint were exempt from any entitlement to overtime compensation and other rights and benefits identified in the Complaint based on, without limitation, the outside sales exemption, the administrative exemption, the highly compensated employee exemption, and/or other exemptions applicable to overtime, recordkeeping, and other requirements of the FLSA

### **AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

30. Plaintiff's claims, and the claims of each putative member of the purported FLSA Collective Action defined in the Complaint, are barred in whole or in part by the applicable statutes of limitations and/or filing periods.

### **AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

31. Plaintiff's cause of action and those of the putative members of the purported FLSA Collective Action defined in the Complaint are barred to the extent that they seek

injunctive, declaratory, and/or other equitable relief, in light of the fact that Plaintiff and the putative members of the purported FLSA Collective Action have an adequate remedy at law and have suffered no irreparable harm due to any alleged conduct of the Defendant.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

32.     If Defendant is found to have failed to pay Plaintiff, and/or any putative member of the purported FLSA Collective Action defined in the Complaint, any amount due, which allegations Defendant denies, Defendant acted at all times on the basis of a good faith and reasonable belief that it had complied fully with the FLSA wage and hour laws.  Further, the actions taken or omitted by Defendant were in good faith in conformity with administrative regulations and/or guidance and/or interpretations issued by the U.S. Department of Labor pursuant to 29 U.S.C. §259.

Consequently, Defendant has not acted in reckless disregard of the FLSA and, accordingly, has not engaged in any willful violation of the FLSA.  By reason of the foregoing, Plaintiff and/or any putative member of the purported FLSA Collective Action are not entitled to liquidated damages.  Moreover, only a two-year statute of limitations should apply under the FLSA.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

33.     Plaintiff's monetary claims, and the claims of the putative members of the purported FLSA Collective Action defined in the Complaint, are barred in whole or in part because they have not suffered any injury or damage as a result of any actions allegedly taken by Defendant.

5

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

34.     Plaintiff's monetary claims, and the claims of the putative members of the purported FLSA Collective Action defined in the Complaint, are barred in whole or in part because they have not appropriately nor adequately mitigated or avoided their alleged damages.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

35.     Defendant denies that it acted unlawfully or improperly toward Plaintiff and the putative members of the purported FLSA Collective Action defined in the Complaint.  However, with regard to any potential award to Plaintiff and/or the putative members of the purported FLSA Collective Action for alleged unpaid wages, Defendant is entitled under the equitable doctrine of setoff and recoupment to offset all overpayments to Plaintiff and/or putative members of the purported FLSA Collective Action, and/or all obligations of Plaintiff or putative members of the purported FLSA Collective Action owed to Defendant, against any judgment that may be entered against Defendant.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

36.     Plaintiff's claims, and the claims of each putative member of the purported FLSA Collective Action defined in the Complaint, are barred in whole or in part by the doctrines of waiver, unclean hands, estoppel and/or laches.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

37.     Plaintiff lacks standing to bring some or all of the claims alleged in the Complaint.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE**

38.     The types of claims alleged by the named Plaintiff on behalf of herself and the

putative members of the purported FLSA Collective Action defined in the Complaint, the existence of which is expressly denied, are matters in which individual questions predominate and, accordingly, are not appropriate for a Collective Action pursuant to Section 216(b) of the FLSA.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

39.     There is no class of persons similarly situated to the Plaintiff with respect to the application of the FLSA and, therefore, this action may not be maintained as a collective action pursuant to Section 216(b) of the FLSA.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

40.     To the extent that during the course of this litigation Defendant acquires any evidence of wrongdoing by Plaintiff and/or any putative member of the purported FLSA Collective Action defined in the Complaint, which wrongdoing would have materially affected the terms and conditions of their employment or would have resulted in them being demoted, disciplined, or terminated, such after-acquired evidence shall bar their claims of liability or damages or shall reduce such claims as provided by law.

WHEREFORE, Defendant respectfully demands that: (1) the Court deny Plaintiff's request to certify this action as a collective action against Defendant; (2) Plaintiff be awarded nothing under this Complaint; (3) the Complaint be dismissed with prejudice; (4) judgment be entered in favor of Defendant and entered against Plaintiff; (5) Defendant be awarded its costs, disbursements, and attorneys' fees incurred in defending this action, together with such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       July 23, 2007

                      PROSKAUER ROSE LLP

                      By: */s/Bettina B. Plevan*
                           Bettina B. Plevan (BP 7460)
                           Joshua F. Alloy (JA 4372)

                      1585 Broadway
                      New York, NY 10036-8299
                      (212) 969-3000
                      (212) 969-2900
                      Attorneys for Defendant