UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------X

BETH AMENDOLA, on behalf of herself
and others similarly situated,

|  |  |
|---|---|
| USDC SDNY |  |
| DOCUMENT |  |
| ELECTRONICALLY FILED |  |
| DOC #: |  |
| DATE FILED    12/14/07 |  |

                    Plaintiffs,       :            **07 CV 6088 (DLC) (ECF CASE)**

            v.                        :            [PROPOSED]

BRISTOL-MYERS SQUIBB COMPANY,  :            **STIPULATION AND ORDER**
and Does 1 through 20, inclusive,     :            **OF CONFIDENTIALITY**
                                      :
                    Defendants.       :
-------------------------------------------------X

WHEREAS, Plaintiff Beth Amendola seeks certain documents from Defendant Bristol-
Myers Squibb Company ("Bristol-Myers Squibb") (Plaintiff and Defendant collectively referred
to herein as "the parties"); and

WHEREAS, the parties consider some of the information being sought or contained in
documents being sought to be of a confidential nature; and

WHEREAS, the parties have agreed to the entry of this Stipulation to permit Plaintiff's
and Defendant's counsel to exchange information deemed confidential pursuant to procedures
protecting the confidentiality of such information;

IT IS HEREBY STIPULATED AND AGREED as follows:

1.      "Confidential Information" as used herein, means information produced in this
litigation by one of the parties, that either party in good faith believes is properly protected under
Federal Rule of Civil Procedure 26(c) and has designated as confidential, whether it be a
document, information contained in a document, information revealed in an interrogatory
response, information revealed during a deposition, or any other form of information, whether

provided by either party or any future persons who have filed a consent to sue with the court ("Future Plaintiffs'). Documents or information that is publicly available shall not be considered "confidential" or to contain "Confidential Information."

2.     "Qualified Person" as used herein means: (a) Bristol-Myers Squibb's counsel, and said counsel's respective legal assistants and support staff reasonably necessary to assist said counsel in the evaluation of the Confidential Information provided by Plaintiff or Future Plaintiffs pursuant to this Stipulation; (b) Plaintiff's counsel, co-counsel, and said counsel's respective legal assistants and support staff reasonably necessary to assist said counsel in the evaluation of Confidential Information provided by Bristol-Myers Squibb or Future Plaintiffs pursuant to this Stipulation; (c) any expert employed or retained by Plaintiff, and/or Plaintiff's counsel, or by Bristol-Myers Squibb, and/or by its respective attorneys, for the purpose of assisting said counsel in the prosecution of this litigation, as well as any counsel consulted or retained by Plaintiff or Plaintiff's counsel for the purpose of document review and/or consultation on legal matters for this case, and this case only; (d) Bristol-Myers Squibb, including any employee, agent, former employee, or former agent of Bristol-Myers Squibb or its present or former affiliated or related agencies or entities involved in or connected with this litigation as determined by Bristol-Myers Squibb in its sole discretion; (e) Plaintiff and any Future Plaintiffs, except that Plaintiff and any Future Plaintiffs may not view Confidential Information that pertains specifically to another Plaintiff, such as another Plaintiff's personnel file; (f) the Court (including any clerk, stenographer or other person having access to Confidential Information by virtue of his or her position or affiliation with the Court); (g) any vendor used by counsel to process or convert documents into electronic form; (h) deposition witnesses other than Plaintiff or any Future Plaintiffs, only to the extent reasonably necessary to

2

prepare for or conduct the deposition; and (i) any other person to whom the designating party agrees in writing.

3.   (a)   Counsel for the parties shall designate documents provided to other parties as Confidential Information by marking or stamping such documents where possible with the word "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS ONLY," as the case may be. If it is not possible to stamp such documents or if the other party produced such documents, counsel may designate by bates number those documents that it designates confidential.

(b)   In the event counsel for Plaintiff or Defendant disagree with any designation of "Confidential Information" (either marked or stamped as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS ONLY"), counsel shall confer within a reasonable period of time, not to exceed fifteen (15) days from the date of any dispute, and attempt in good faith to resolve the matter informally. If the parties are unable to resolve the matter informally, the party that has designated the "Confidential Information" must, within 30 days of conferring, make an application to the Court for a determination whether the designation of the "Confidential Information" is appropriate. If the party that has designated the "Confidential Information" does not make such motion within 30 days of the dispute, the documents or information in question shall no longer be confidential or restricted in any way by this Stipulation and Order. If the party that has designated the "Confidential Information" does make such motion within 30 days of the dispute, or such other time as the parties agree in writing, then the documents or information in question shall be treated as "Confidential Information," subject to the terms of this Stipulation and Order, until otherwise agreed to by the parties or ordered by the Court. The party that has designated the "Confidential Information" shall have the burden of proof on such motion to establish the propriety of its Confidential designation and to produce to the Court

3

copies of the disputed documents if requested by the Court, or if the Court allows, representative samples of all disputed documents.

4.   (a)   Access to/disclosure of Confidential Information marked or stamped as "CONFIDENTIAL" shall be limited only to Qualified Persons. Such access to/disclosure of Confidential Information to Qualified Persons shall only be permitted or made to the extent counsel in good faith believes that such access or disclosure is necessary to the prosecution or defense of this litigation, and in the case of Qualified Persons described in paragraphs 2(c), (h) and (i) above, only after execution by such persons of a written Acknowledgment in the form attached hereto as Exhibit A. Such acknowledgments must be provided to the party that has designated the "Confidential Information" contemporaneously with the disclosure of the "Confidential Information," except that expert acknowledgements shall not be provided until the expert is formally designated.

(b)   Access to/disclosure of Confidential Information marked or stamped as "CONFIDENTIAL – ATTORNEYS ONLY" shall be limited only to Qualified Persons as defined in paragraphs 2(a), 2(b) or 2(g) above, as the case may be.

5.   Each Qualified Person will maintain Confidential Information in confidence and will not reveal any Confidential Information to any person who is not a Qualified Person (and not to persons other than those described in paragraphs 2(a), 2(b) or 2(g) if such Confidential Information is marked or stamped "CONFIDENTIAL – ATTORNEYS ONLY") without the prior written consent of counsel for the party who designated the information as confidential or an order by the Court authorizing such disclosure. Confidential Information shall be used only for the purposes of this litigation (not any other judicial or other proceeding) and for no other

4

purpose whatsoever, and shall not be disclosed, given, shown, discussed or otherwise divulged or communicated to any person or entity except as provided herein.

6.     The disclosure of a document or information without designating it as Confidential Information shall not constitute a waiver of the right to designate such document or information as Confidential Information pursuant to the procedures set forth herein and, if so designated, the document or information shall thenceforth be treated as Confidential Information.

7.     Confidential Information once disclosed may be copied only to the extent necessary to permit its use in accordance with the terms of this Stipulation and Order.

8.     Confidential Information may be offered in evidence at trial or any court hearing, provided that the proponent of the evidence gives notice to counsel for the party that designated the Confidential Information. The parties will confer in good faith to determine if the previously designated Confidential Information should be protected at trial and to attempt to agree upon a method (subject to the Court's approval) to protect such Confidential Information during such proceedings. If the parties are unable to agree on whether the information should be protected at trial and/or upon a method to protect such Confidential Information, the party seeking to keep the information Confidential shall apply to the Court for a mechanism to maintain the confidentiality of discovery material designated as Confidential Information. The Court will determine whether the proffered evidence should continue to be treated as Confidential, and if so, how to protect it at trial.

9.     This Stipulation and Order has no effect upon, and its scope shall not extend to, any providing party's use or disclosure of its own Confidential Information.

10.    All information subject to confidential treatment in accordance with the terms of this Stipulation and Order that is filed with the Court, and the portion of any pleadings, motions

5

or other papers filed with the Court disclosing any Confidential Information, shall be filed under seal and kept under seal until further order of the Court. Only confidential portions of filings with the Court shall be filed under seal. If, at the time documents would otherwise be filed with the Court, there is an ongoing dispute regarding whether documents should be considered Confidential, the pleading, motion, or other papers should be served on opposing counsel but not filed with the Court. Instead, a copy of the pleading, motion or other paper should be delivered, under seal, to the Judge or the Judge's staff, pending a determination by the Court regarding the confidential treatment of the documents in question. Once the Court makes such a determination, the documents must then be promptly filed.

11.     Within thirty (30) days of the conclusion of this Action (including appeals, if any), all Confidential Information, and all documents containing Confidential Information, in the possession of any Qualified Person or any other person who has received such documents pursuant to this Stipulation and Order, shall be either: (i) destroyed, with advance notice of such destruction and a subsequent affidavit as to the destruction given to counsel for the party who produced the documents; or (ii) returned to counsel for the party who produced the documents, together with all copies, extracts and summaries thereof, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain confidential in perpetuity consistent with the terms of this Stipulation and Order.

12.     This Stipulation and Order may be amended by further Stipulation, or if the parties are unable to agree, by the Court on the application of any party.

13.     This Stipulation and Order shall extend beyond the final conclusion of this Action, and shall remain in full force and effect until modified, superseded, or terminated by written agreement of the parties or by order of the Court.

6

14.  This Stipulation and Order shall be binding on the parties, their counsel, and all Qualified Persons. It is enforceable by the contempt power of the United States District Court for the Southern District of New York and by any other sanction deemed appropriate by the Court.


EMERY CELLI BRINCKERHOFF
& ABADY LLP

By: _____
    Ilann M. Maazel (IM 5724)
    Elizabeth S. Saylor (ESS 8091)
    75 Rockefeller Plaza
    New York, New York 10019
    (212) 763-5000
    Attorneys for Plaintiff
    (co-counsel not listed)

Date: _____12 13 07_____


PROSKAUER ROSE LLP

By: _____
    Bettina B. Plevan (BP 7460)
    Joshua F. Alloy (JA 4372)
    1585 Broadway
    New York, New York 10036
    (212) 969-3000
    Attorneys for Defendant

Date: ___12/13/07___


SO ORDERED:


_____
Hon. Denise L. Cote

This stipulation binds the parties to treat as confidential the documents so classified. The Court, however, has not reviewed the documents referenced herein; therefore, by so ordering this stipulation, the Court makes no finding as to whether the documents are confidential. Dated:That finding will be made, if ever, upon a document-by-document review. Moreover, the Court does **NOT** so order _A 10_____, which purports to authorize the parties to file documents under seal without a prior court order.

Denise Cote
December 14, 2007

## EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
BETH AMENDOLA, on behalf of herself   :
and others similarly situated,
                                       :
                                       :
                  Plaintiffs,          :          07 CV 6088 (DLC)
                                       :
            v.                         :          **(ECF CASE)**
                                       :
BRISTOL-MYERS SQUIBB COMPANY,  :          **ACKNOWLEDGEMENT OF**
and Does 1 through 20, inclusive,      :          **STIPULATION AND ORDER**
                                       :          **OF CONFIDENTIALITY**
                  Defendants.   :
-------------------------------------------------------X

I have read the Stipulation and Order regarding Confidential Information in the above-

captioned action. I hereby acknowledge that I understand the terms thereof, and that I consent to

be bound by such terms.

I understand that a breach of the terms of said Stipulation and Order may be punishable

by contempt of court and be subject to appropriate legal penalties.

Date: _____          _____

                                        Signature

                                        _____

                                        Print Name