USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1-18-08

## PROSKAUER ROSE LLP

**MEMO ENDORSED**

1585 Broadway
New York, NY 10036-8299
Telephone 212.969.3000
Fax 212.969.2900

LOS ANGELES
WASHINGTON
BOSTON
BOCA RATON
NEWARK
NEW ORLEANS
PARIS

Joshua F. Alloy
Attorney at Law

Direct Dial 212.969.3351
jalloy@proskauer.com

January 15, 2008


RECEIVED
JAN 16 2008
CHAMBERS OF
DENISE COTE

**BY HAND DELIVERY**

Hon. Denise L. Cote
United States District Court, S.D.N.Y.
500 Pearl Street, Room 1040
New York, New York 10007

Re:   *Amendola v. Bristol-Myers Squibb Company*, 07 Civ. 6088 (DLC)

Dear Judge Cote:

We represent the Defendant Bristol-Myers Squibb Company ("BMS") in the above-captioned case, and we write pursuant to the Court's Order dated January 2, 2008, to request that certain exhibits to Plaintiff's Motion for FLSA § 216(b) Notice be filed under seal. We also write to request that the schedule for Defendant's opposition papers be extended from January 21 until February 6, 2008.

As Your Honor is no doubt aware, as a national pharmaceutical company, BMS operates in a highly competitive industry in which confidential and proprietary business, marketing and sales plans, policies and strategies all play an important role in the success of the company's pharmaceutical sales. In particular, BMS relies extensively on its sales force (its pharmaceutical sales representatives) to implement and execute these various plans, policies and strategies in order to increase and sustain sales of its pharmaceutical products throughout the country and to remain competitive with other pharmaceutical companies. To that end, BMS has spent a tremendous amount of time and money over the years developing and refining comprehensive internal training programs, policies, guidebooks, and selling skills models that are unique to BMS, and that BMS believes maximizes the selling skills and potential of its salesforce. BMS has strived to keep all of these materials confidential, and takes great care to ensure that they are not publicly distributed or accessible to its competitors.

While most of these sales, marketing and training documents have been produced in the course of this litigation, BMS has consistently maintained that they are confidential and proprietary, and accordingly we entered into a stipulation of confidentiality and protective order with Plaintiff's counsel, which Your Honor so ordered (with modification), to ensure that they are not publicly disclosed. We of course understand that filing exhibits under seal places additional burdens on both the Court and the parties, and therefore the parties have conferred in good faith in an attempt to limit the number of exhibits that we believe should be filed under seal.

**PROSKAUER ROSE LLP**

Hon. Denise L. Cote
January 15, 2008
Page 2

Accordingly, we request that the Court permit the parties to file Exhibits 10, 12, 15, 24, 25, 28, 29, 32 and 35 under seal (copies are attached for your consideration). Counsel for Plaintiff has no objections to our limited request.

In addition, in order to accommodate the Plaintiff's schedule and her request that her deposition take place on a Monday so that she can fly from her home in Florida to New York for the deposition without missing more than one day of work, the parties have agreed to schedule Ms. Amendola's deposition for Monday January 28, 2008. Therefore, so that the parties may incorporate Ms. Amendola's testimony into their opposition and reply papers, the parties jointly request that the Court extend the deadline for Defendant's opposition to Plaintiff's § 216(b) motion from January 21, 2008 until February 6, 2008, and that Plaintiff's reply be due on February 27, 2008.

*Granted.*
*Denise Cote*
*Jan 18, 2008*

Respectfully submitted,

*[signature]*
Joshua F. Alloy

Enclosures

cc:   Ilann M. Maazel and Elizabeth S. Saylor (by fax and e-mail) (w/o enclosures)