# Exhibit 1

LEXSEE 1943-48 WAGES HOURS (CCH) P33,093

Copyright 2007 CCH Incorporated, All Rights Reserved
CCH Wages & Hour Reporter Cases & Opinion Letters

Wages-Hours Federal Cases and Opinion Letters Archive 1937-1995
Fair Labor Standards Act
Miscellaneous Courts
Miscellaneous Court

*1943-48 Wages Hours (CCH) P33,093*

May 19, 1945

P 33,093 Applicability of exemption for administrative employees to medical detailists.

Letter ruling of Chief, Wage-Hour Section.

Back reference.--P 25,526.

This will reply to memorandum inquiring as to the status of certain employees of subject firm known as medical detailists. Letters from subject firm enclosed with memorandum indicate that the employees in question are engaged principally in work apparently aimed at increasing the use of subject's product in hospitals and through physicians' recommendations. Such work appears to require a high degree of technical knowledge in the nutritional field in which these men are said to be experts. They train personnel, make special surveys and reports, and in general maintain this company's relations with the medical and associated professions. They are consulted with respect to individual nutritional problems encountered by hospitals and physicians, such as determining whether the use of subject's product in a hospital was related to the occurrence of an epidemic. When necessary, they arrange for added deliveries of subject's product to take care of emergencies. They instruct the firm's salesmen in such technical matters as disease prevention, the chemical components of their product and nutritional research. They work virtually without supervision and are paid salaries in excess of $ 200 per month.

On the basis of the statements submitted and assuming that the foregoing description is a complete description of the activities of the employees under consideration, it seems that the employees in question are engaged in a form of promotional or missionary work having for its object not the making of specific transactions but concerning itself with matters directly related to general business operations. They perform special assignments requiring the use of their discretion and independent judgment and, furthermore, frequently calling for the employment by them of skills or knowledge acquired through special training or experience. Accordingly, it is my opinion that these employees meet the requirements of the administrative employee definition contained in Section 541.2 [P31,301.02 ] of the regulations. It should be emphasized, however, that this opinion is rendered wholly on the basis of the employer's statement of facts and without an independent investigation.

**UPDATE-DATE:** August 22, 2007

WHM 20:696          WHITE-COLLAR EXEMPTIONS

of the recommended alternatives for the term 'administrative'."

The language to which you refer on pages 27 and 28 of the Report also supports this position. This language expresses the intent of the Division to consider the administrative exemption applicable only to such staff employees as bank tellers who "habitually establish procedures and assist in the determination of policies which must be followed by all the employees of the employer," and whose duties are differentiated from those of a clerk by the fact that their work requires exercise of discretion and independent judgment.

Accordingly, we agree with your opinion that not all bank tellers are exempt as administrative employees under Section 13(a) (1) and Section 541.2 of the Regulations merely because they are called "bank tellers." If, as you state, a particular bank teller performs work which does not require the exercise of discretion and independent judgment, but is merely a clerk engaged in collecting and disbursing money and in simple bookkeeping, he would not be exempt as an administrative employee.

However, we are not in a position to determine whether the duties of the bank tellers described in the memorandum are typical or whether the majority of bank tellers do in fact exercise discretion and independent judgment in the performance of their duties. As indicated above, the applicability of the administrative exemption to bank tellers should be determined on the basis of all the facts in each particular case and not upon any general rule of thumb attempting to determine the status of an entire class of employees.

Issued November, 1943.

### MEDICAL DETAILISTS

QUESTION: What is the status under the Fair Labor Standards Act of certain employees known as medical detailists? The employees in question are engaged principally in work apparently aimed at increasing the use of subject's product in hospitals and through physicians' recommendations. Such work appears to require a high degree of technical knowledge in the nutritional field in which these men are said to be experts. They train personnel, make special surveys and reports, and in general maintain this company's relations with the medical and associated professions. They are consulted with respect to individual nutritional problems encountered by hospitals and physicians, such as determining whether the use of subject's product in a hospital was related to the occurrence of an epidemic. When necessary, they arrange for added deliveries of subject's product to take care of emergencies. They instruct the firm's salesmen in such technical matters as disease prevention, the chemical components of their product, and nutritional research. They work virtually without supervision and are paid salaries in excess of $200 per month.

Are these employees exempt under Section 13(a)(1) as employed in an administrative capacity?

ANSWER: On the basis of the statements submitted and assuming that the foregoing description is a complete description of the activities of the employees under consideration, it seems that the employees in question are engaged in a form of promotional or missionary work having for its object not the making of specific transactions but concerning itself with matters directly related to general business operations. They perform special assignments requiring the use of their discretion and independent judgment and, furthermore, frequently calling for the employment by them of skills or knowledge acquired through special training or experience. Accordingly, it is my opinion that these employees meet the requirements of the administrative employee definition contained in Section 541.2 of the Regulations. It should be emphasized, however, that this opinion is rendered wholly on the basis of the employer's statement of facts and without an independent investigation.

Issued January, 1946.

Wage and Hour Manual