# Exhibit 5

# REPORT AND RECOMMENDATIONS

## OF THE PRESIDING OFFICER AT PUBLIC HEARINGS ON

## PROPOSED REVISIONS OF REGULATIONS, PART 541

Defining the Terms

"Executive" "Administrative"

"Professional"

"Local Retailing Capacity"

"Outside Salesman"

as contained in Section 13 (a)(1) of the Fair Labor Standards Act

I. "Stein Report", October 10, 1940
(Harold Stein, Presiding Officer)

II. "Weiss Report", June 30, 1949
(Harry Weiss, Presiding Officer)

III. "Kantor Report", March 3, 1958
(Harry S. Kantor, Presiding Officer)

UNITED STATES DEPARTMENT OF LABOR
W. WILLARD WIRTZ, Secretary

Wage and Hour and Public Contracts Divisions,
CLARENCE T. LUNDQUIST, Administrator

WASHINGTON, D. C.

istically the outside salesman is one who makes his sales at his customer's place of business. This is the reverse of sales made by mail or telephone (except where the telephone is used merely as an adjunct to personal calls). Thus any fixed site, whether home or office, used by the salesman as a headquarters or for telephonic solicitation or sales must be construed as one of his employer's places of business, even though the employer is not in any formal sense the owner or tenant of the property. It should not be inferred for the foregoing that an outside salesman loses his exemption by displaying his samples in hotel sample rooms as he travels from city to city; these sample rooms should not be considered as his employer's places of business.

## WHAT ARE SALES?

Several problems have arisen concerning the interpretation of the phrase in the present regulations which reads "who is customarily and regularly engaged in making sales as defined in section 3 (k) of the act."[137] Generally speaking, the Division has interpreted section 3 (k) of the act to include the transfer of title to tangible property, and in certain cases, of tangible and valuable evidences of intangible property. Thus the sale of goods such as automobiles, coffee, shoes, and cigars has been construed as a sale within the meaning of section 3 (k). The Division has also included the sale of stocks and bonds and the sale of insurance because stocks, bonds, and insurance policies, although not always negotiable, have an inherent value in themselves. Their loss can be the occasion of either great inconvenience or permanent loss to the owner. It is not believed that any modification of this section is needed to cover such instances.

Aside from the foregoing, the Division has expressed the opinion that the word "sales" as defined in section 3 (k) does not cover certain activities which are popularly described as sales. Particular reference is made to the selling of time on the radio, the solicitation of advertising for newspapers and other periodicals and the solicitation of freight for railroads and other transportation agencies. All these activities are commonly known as sales and may even be sales legally under some statutes and for certain purposes.[138] Furthermore, in a practical sense, these people are salesmen in that their activities are of the same nature as those of persons making sales within the meaning of section 3 (k). Accordingly, it is deemed desirable to add a further clause which will specifically include within the exemption persons engaged in selling activities of this type. The proposed clause reads as follows: "soliciting orders or contracts for the use of facilities for which a consideration will be paid by the client or customer."

## OUTSIDE BUYERS AND OTHER OUTSIDE WORKERS NOT EXEMPT AS OUTSIDE SALESMEN

In extending the scope of the term "outside salesman" to include such employees as radio time, advertising, and freight solicitors, it is

---

[137] The term "sale" is defined in section 3 (k) as follows: "'Sale' or 'sell' includes any sale, exchange, contract to sell, consignment for sale, shipment for sale, or other disposition."

[138] Joseph L. Miller, representing the National Association of Broadcasters, offered in evidence part of a report of the Federal Communications Commission to show that that agency regards those who sell radio time as "outside salesmen," record July 25–29, hearing, vol. I, p. 109.